1  DAVID J. DOW, Bar No. 179407
ddow@littler.com
2  MATTHEW B. RILEY, Bar No. 257643
mriley@littler.com
3  LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
4  San Diego, California 92101.3577
Telephone:  619.232.0441
5  Facsimile:  619.232.4302

6  Attorneys for Defendants
FIRST STUDENT, INC. and
7  FIRST STUDENT MANAGEMENT, LLC

8

                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11  CYNTHIA PROVENCIO, on behalf of          Case No.
herself and all others similarly situated,
                                             [Alameda County Superior Court Case No.
12                  Plaintiff,               RG19021391]

13  v.                                       **NOTICE OF REMOVAL TO FEDERAL
                                             COURT PURSUANT TO 28 U.S.C.
14  FIRST STUDENT, INC.; FIRST STUDENT       SECTIONS 1332, 1441, AND 1446**
MANAGEMENT, LLC, and DOES 1 to 100,
15  inclusive,

16                  Defendants.              Complaint filed:  June 3, 2019

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF CYNTHIA PROVENCIO,

2  AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that Defendants First Student, Inc. and First Student Management,

4  LLC (collectively, "Defendants") hereby remove the state court action described herein, filed by

5  Plaintiff Cynthia Provencio ("Plaintiff") in the Superior Court of the State of California, County of

6  Alameda, to the United States District Court for the Northern District of California, pursuant

7  to 28 U.S.C. sections 1332(d), 1441, and 1446. Defendants make the following allegations in support

8  of their Notice of Removal:

9  **I.   STATEMENT OF JURISDICTION**

10  1.   This Court has original jurisdiction over this action pursuant to the Class Action

11  Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original

12  jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred

13  members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any

14  defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and

15  costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with

16  28 U.S.C. section 1446.  As set forth below, this case meets all of CAFA's requirements for removal

17  and is timely and properly removed by the filing of this Notice of Removal.

18  **II.   VENUE**

19  2.   Plaintiff originally brought this action in the Superior Court of the State of California,

20  County of Alameda. Therefore, venue lies in the Northern District of California pursuant to 28

21  U.S.C. sections 84(a), 1441(a), and 1446(a).

22  **III.   INTRADISTRICT ASSIGNMENT**

23  3.   Pursuant to Northern District Civil Local Rules 3-2(c), 3-2(d), and 3-5(b), all civil

24  actions that arise in the County of Alameda shall be assigned to the San Francisco Division or to

25  the Oakland Division.

26  **IV.   PLEADINGS, PROCESS, AND ORDERS**

27  4.   On June 3, 2019, Plaintiff filed an unverified Class Action Complaint against

28  Defendants and various Doe defendants in the Alameda County Superior Court entitled *CYNTHIA*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 02101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446                                                    2.

1  *PROVENCIO, on behalf of herself and others similarly situated, Plaintiff, v. FIRST STUDENT, INC.;*

2  *FIRST STUDENT MANAGEMENT, LLC, and DOES 1 to 100, inclusive, Defendants*, designated as

3  Case No. RG19021391 (the "Complaint").  (Declaration of Matthew B. Riley in Support of Notice of

4  Removal to Federal Court ["Riley Decl."], ¶ 2.)

5       5.     The Complaint asserts the following causes of action: (a) Failure to Pay Wages For All

6  Time Worked At Minimum Wage in Violation of Labor Code Sections 1194 and 997; (b) Failure to

7  Pay Proper Overtime Wages For Overtime Hours Worked And All Hours Worked in Violation of

8  Labor Code Sections 510, 1194, and 1998; (c) Failure to Indemnify for Employment-Related

9  Losses/Expenditures in Violation of Labor Code Section 2802; (d) Failure to Provide Complete and

10  Accurate Wage Statements in Violation of Labor Code Section 226; (e) Failure to Timely Pay All

11  Earned Wages and Final Paychecks Due at Time of Separation of Employment in Violation of Labor

12  Code Sections 201, 202, and 203; and (f) Unfair Business Practices in Violation of Business and

13  Professions Code Section 17200, et. seq.  The allegations in the Complaint are incorporated into this

14  Notice of Removal by reference without admitting the truth of any of them.

15       6.     On June 18, 2019, Defendants were each served a copy of: (a) a Summons; (b) an

16  Alternative Dispute Resolution (ADR) Information Packet; (c) the Complaint; (d) a Civil Case Cover

17  Sheet; (e) a Notice of Assignment of Judge for All Purposes; (f) a Notice of Case Management

18  Conference and Order; and (g) a Notice of Hearing (Complex Determination Hearing and Case

19  Management Conference), through Defendants' registered agent for service of process, C T

20  Corporation System.

21       7.     Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the

22  Alameda County Superior Court and served by Plaintiff through C T Corporation System.  (Riley

23  Decl., ¶ 3.)

24       8.     Attached hereto as **Exhibit B** are true and correct copies of the two Summons,

25  Alternative Dispute Resolution (ADR) Information Packet, Civil Case Cover Sheet, Notice of

26  Assignment of Judge for All Purposes, Notice of Case Management Conference and Order, and Notice

27  of Hearing (Complex Determination Hearing and Case Management Conference) served on

28  Defendants through C T Corporation System.  (Riley Decl., ¶ 3.)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446

3.

9.      On July 17, 2019, Defendant filed an Answer to Plaintiff's Complaint in the Alameda County Superior Court.  Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer.  (Riley Decl., ¶ 4.)

10.     To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above.  To Defendants' knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court.  (Riley Decl., ¶ 5.)

## V.      TIMELINESS OF REMOVAL

11.     An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

12.     Removal of this action is timely because this Notice of Removal has been filed within thirty days of June 18, 2019, when Defendants were served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).  Because Plaintiff personally served the Summons and Complaint upon Defendants' agent for service of process on June 18, 2019, the thirty-day period for removal runs through July 18, 2019.  As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants.  (*See* Exhibits A-C.)

## VI.     CAFA JURISDICTION

13.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

/ / / /

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446

4.

**A.    This is a Class Action.**

14.    Plaintiff filed this action as a class action.  (Complaint, ¶¶ 34-35.)

**B.    The Proposed Class Contains At Least 100 Members.**

15.    The provisions of CAFA apply to proposed class actions involving 100 individuals or more.  *See* 28 U.S.C. § 1332(d)(5)(B).  This requirement is met in this case.

16.    Plaintiff brings her lawsuit on behalf of herself and "current, former and/or future employees of Defendants who work as hourly non-exempt drivers."  (Complaint, ¶ 3.)  Plaintiff's Complaint limits the various subclasses she seeks to certify to Defendants' drivers in the State of California.  (Complaint, ¶ 34.)  Further, Plaintiff excludes drivers employed at Defendants' Fresno, California location from several of the proposed subclasses (including the proposed Minimum Wage Class, Overtime Class, Wage Statement Class, and Waiting Time Class).  (Complaint, ¶ 34(A)-(B), (D)-(E).)   Plaintiff's proposed Indemnification Class does not exclude drivers from the Fresno, California location.  (Complaint, ¶ 34(C).)

17.    Defendants allege that they employed approximately 5,531 persons in the non-exempt position of driver (excluding those non-exempt drivers employed at the Fresno, California location), which is the position held by Plaintiff, in the State of California from June 3, 2015 to June 23, 2019.  Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

**C.    Defendants Are Not Governmental Entities.**

18.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(B).

19.    Defendant First Student, Inc. is a corporation, and Defendant First Student Management, LLC is a limited liability company; thus, Defendants are not states, state officials, or other government entities exempt from CAFA.  (Declaration of Brian Beechem in Support of Removal to Federal Court ["Beechem Decl."], ¶¶ 3-5.)

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,     5.
AND 1446

**D.      There Is Diversity Between At Least One Putative Class Member And Any Defendant.**

20.      CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Minimal diversity of citizenship exists here because Plaintiff is a citizen of a different state than Defendants.

21.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).  Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

22.      Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California.  (*See* Complaint, ¶ 3 ["At all times mentioned herein, the currently named Plaintiff is and was a resident of California . . . ."]).

23.      For diversity purposes, a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(l).  Defendant First Student, Inc. is incorporated under the laws of the State of Delaware and, pursuant to 28 U.S.C. section 1332(c)(1), is therefore a citizen of the State of Delaware. (Beechem Decl., ¶ 4.)

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  02101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446

6.

24.     Defendant First Student, Inc. is also a citizen of the State of Ohio because a corporation is deemed to be a citizen of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Id.* at 80-81.  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center. *Id.* at 93-94.

25.     Defendant First Student, Inc. has its corporate headquarters at 600 Vine Street, Cincinnati, Ohio.  (Beechem Decl., ¶ 4.)  A majority of Defendant First Student, Inc.'s corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from its Cincinnati, Ohio headquarters.  (Beechem Decl., ¶ 4.)  Defendant First Student, Inc.'s management and administrative functions are located in Cincinnati, Ohio, including human resources, finance, treasury, legal, payroll, and safety.  (Beechem Decl., ¶ 4.)  Defendant First Student, Inc.'s "nerve center" and, thus, its principal place of business, is located in Cincinnati, Ohio. *See Hertz*, 559 U.S. at 92-93.

26.     Accordingly, for purposes of diversity jurisdiction, Defendant First Student, Inc. is a citizen of the States of Delaware and Ohio, and not a citizen of the State of California.

27.     For diversity purposes, a limited liability company is deemed to be a citizen of every state of which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("An LLC is a citizen of every state of which its owners/members are citizens.").

28.     Here, Defendant First Student Management, LLC is a limited liability company organized under the laws of the State of Delaware.  (Beechem Decl., ¶ 5.)  At the time Plaintiff commenced this action and at the time of removal, Defendant First Student Management, LLC had a single member, Defendant First Student, Inc., which as noted above is a Delaware corporation with its principal place of business in Cincinnati, Ohio.  (Beechem Decl., ¶ 5.)  Defendant First Student, Inc. is not a citizen of the State of California.

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446                                    7.

29.     Accordingly, for purposes of diversity jurisdiction, Defendant First Student Management, LLC is a citizen of the States of Delaware and Ohio, and not a citizen of the State of California.

30.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

31.     Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendants (Delaware and Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.      The Amount In Controversy Exceeds $5,000,000.**

32.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

33.     For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  02101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,        8.
AND 1446

1  F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in

2  controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages

3  in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

4       34.    Defendants "may make mathematical calculations using reasonable averages of, for

5  example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-

6  in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL

7  2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp.

8  2d 1141, 1148-49 (C.D. Cal. 2010)).

9       35.    In addition, Defendants may assume violation rates of 100% in calculating the amount

10 in controversy when, as here, the complaint does not allege a more precise calculation. *See, e.g.*,

11 *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given

12 the vague language of the Complaint and the broad definition of the class, it is reasonable for

13 Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-

14 01906-AWI-SKO, 2011 WL 2173715, at *20 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*,

15 No. C 08-02716 MHP, 2008 WL 3842984, at *8-9 (N.D. Cal. Aug. 14, 2008); *Korn v. Polo Ralph

16 Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008); *Alvarez v. Ltd. Express, LLC*, No.

17 07CV1051 IEG (NLS), 2007 WL 2317125, at *3 (S.D. Cal. Aug. 8, 2007); *Muniz v. Pilot Travel

18 Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (a

19 removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages."

20 (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).  These courts recognize "that

21 imposing overly stringent requirements on a defendant to proving the amount in controversy would

22 run the risk of essentially asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus.,

23 Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *5 (N.D. Cal. June 14, 2013).

24      36.    A defendant is thus not obligated "to support removal with production of extensive

25 business records to prove or disprove liability and/or damages with respect to plaintiff or the putative

26 class members at this premature (pre-certification) stage of the litigation." *Muniz*, 2007 WL 1302504,

27 at *5 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-

28 1631-ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446                                          9.

1    need to provide payroll data to support removal because defendant "is not required to meet such a high

2    burden.") (citing *Muniz*, 2007 WL 1302504, at *7); *Thomas*, 2011 WL 2173715, at *20 ("[R]equiring

3    Defendants to forecast an exact violation rate would essentially force a removing defendant to prove

4    the plaintiff's case." (citing *Muniz*, 2007 WL 1302504, at *3)).

5           37.    Defendants deny the validity and merit of the entirety of Plaintiff's claims, the legal

6    theories upon which they are ostensibly based, and the claims for monetary and other relief that flow

7    therefrom.  For purposes of removal only, however, and without conceding that Plaintiff or the putative

8    class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of

9    Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional

10   minimum of $5,000,000.

11          38.    When, as here, the plaintiff's complaint does not state the amount in controversy, the

12   defendant's notice of removal may do so.  Defendants' Notice of Removal must simply include "a

13   plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.

14   Ct. at 554.

15                       **i.    Minimum Wage Claim**

16          39.    Defendants are entitled to base their calculations, for purposes of calculating the

17   amount in controversy, on the argument and allegations by Plaintiff in her First Cause of Action

18   alleging failure to pay all minimum wages.  Plaintiff alleges that Defendants required putative class

19   members "to perform numerous job duties off-the-clock without being paid for that time" including:

20   (a) requiring putative class members to research and plan their routes; (b) requiring putative class

21   members to perform a "dry run" of their routes; (c) "[b]efore clocking in for their shifts each workday

22   . . . to arrive at Defendants' yard before the start of their shift, retrieve the key to their assigned bus

23   from the office, locate their assigned bus in the unorganized yard, insert the key into the bus's ignition

24   and turn all lights on, open the service door to retrieve the 'wand,' then waive the 'wand' by t he bus's

25   n-board sensor in order to clock in for the start of their shifts"; (d) after clocking out to "perform 'child

26   checks' to ensure no children had been left on board the bus, hang a sign in the bus window indicating

27   that the 'child check' had been performed, reconcile daily paperwork, and return the paperwork and

28   bus key to the office before being released from Defendants' control"; and (e) requiring putative class

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,          10.
AND 1446

1    members to attend trainings, meetings, and biddings without being paid for this time.  (Complaint,

2    ¶ 40.)

3        40.    Defendants allege that between June 3, 2015 and June 23, 2019, dates within the

4    relevant time period alleged in the Complaint, Defendants employed approximately 5,531 drivers in

5    California (excluding those non-exempt drivers employed at the Fresno, California location).

6    Defendants further allege that these 5,531 employees were employed a combined total of

7    approximately 556,870 weeks during that time period.  Defendants further allege that the average rate

8    of pay for the employees who worked those 556,870 weeks during this time period was $19.94 per

9    hour.  Defendants' non-exempt bus drivers in California are generally employed to work five days per

10   week.  (Declaration of Kim Mingo in Support of Notice of Removal to Federal Court, ¶ 2.)

11       41.    Assuming that these 5,531 non-exempt drivers worked five shifts per week, and further

12   assuming that on each shift the driver was required to work a total of five minutes of "off-the-clock"

13   work for which they were not compensated, the amount in controversy for Plaintiff's minimum wage

14   claim is **$4,626,661.58** (556,870 weeks X 5 shifts per week X 5 minutes per shift X $19.94 average

15   hourly rate = $4,626,661.58).

16       42.    Defendants' calculation of the amount in controversy on Plaintiff's minimum wage

17   claim is reasonable.  First, Defendants' calculation does not take into account time that drivers

18   allegedly spent researching and planning their routes, performing "dry runs" of their routes, or

19   attending trainings, meetings and biddings (Complaint, ¶ 40(a)-(b), (e).)  Rather it is limited to

20   Plaintiff's allegedly unpaid pre-trip and post-trip work performed by putative class members "each

21   workday."  (Complaint, ¶ 40(c)-(d).)  Second, Defendants conservatively assume that this allegedly

22   unpaid pre-trip and post-trip work lasted a total of five minutes per shift, but Defendants allege, on

23   information and belief, that the actual time it would take to perform these alleged tasks is greater than

24   five minutes per shift.

25       ii.    **Expense Reimbursement Claim**

26       43.    Defendants are entitled to base their calculations, for purposes of calculating the

27   amount in controversy, on the argument and allegations by Plaintiff in her Third Cause of Action

28   alleging failure to reimburse for necessary business expenses.  Plaintiff alleges that "Defendants

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,    11.
AND 1446

1  maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to"

2  putative class members including by requiring putative class members to: (a) use either their personal

3  cell phones and/or personal computers to research and plan their routes; (b) use their personal vehicles

4  to make "dry runs" of their routes; (c) purchase cleaning supplies to clean the buses; (d) use their

5  personal cell phones "[o]n a daily basis . . . to receive calls and messages from Defendants' dispatch

6  regarding any updates or changes to their daily routes and to contact clients at stops if they were not

7  outside waiting for drivers' arrival or did not come outside in a reasonable amount of time"; and (e)

8  using the GPS function on their personal cell phones "to monitor traffic and ensure they were taking

9  the most efficient route to each stop." (Complaint, ¶ 56.) Plaintiff alleges that Defendants' policies

10  and procedures resulted in putative class members not receiving proper indemnification of these

11  allegedly necessary business expenses in violation of California Labor Code section 2802.

12  (Complaint, ¶¶ 57-59.)

13       44.     California Labor Code section 2802 provides: "An employer shall indemnify his or her

14  employee for all necessary expenditures or losses incurred by the employee in direct consequence of

15  the discharge of his or her duties, or of his or her obedience to the directions of the employer, even

16  though unlawful, unless the employee, at the time of obeying the directions, believed them to be

17  unlawful." CAL. LABOR CODE § 2802(a). In analyzing whether an employer is required to reimburse

18  employees for mandatory use of a personal cell phone, the California Court of Appeal has held that

19  "to be in compliance with section 2802, the employer must pay *some reasonable percentage* of the

20  employee's cell phone bill." *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1144

21  (2014) (emphasis added).

22       45.     Defendants allege that between June 3, 2015 and June 23, 2019, dates within the

23  relevant time period alleged in the Complaint, Defendants employed approximately 5,531 non-exempt

24  drivers in California (excluding those non-exempt drivers employed at the Fresno, California

25  location). Defendants further allege that during this time period, the average number of non-exempt

26  drivers that Defendants employed each month in California (excluding those non-exempt drivers

27  employed at the Fresno, California location) was 2,828.

28  / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446          12.

46.     Conservatively assuming that the average monthly cell phone expense is only $10, the estimated amount in controversy on Plaintiff's Section 2802 claim is at least **$1,385,720** ($10 per month X 2,828 average number of putative class members per month X 49 months = $1,385,720).

47.     Defendants' calculation of the amount in controversy on Plaintiff's expense reimbursement claim is reasonable.    First, Defendants' calculation does not take into account Plaintiff's allegations relating to the use of personal computers to research and plan routes, the use of personal vehicles to make "dry runs" of the routes, or the purchase of cleaning supplies." (Complaint, ¶ 56(a)-(c).)  Rather it is limited to Plaintiff's allegedly mandatory usage of personal cell phones. (Complaint, ¶ 56(a), (d).)  Second, Defendants calculation is based on a conservative estimate of only $10 per month for cell phones.

### iii.    Wage Statement Claim

48.     Defendants are also entitled to base their calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in her Fourth Cause of Action alleging failure to provide accurate wage statements.  Plaintiff alleges that Defendants "knowingly and intentionally" provided putative class members "with itemized statements which stated inaccurate information including, but not limited to, the gross and net pay, and all applicable hourly rates and earnings at each rate."  (Complaint, ¶¶ 65-66.)  Thus, Plaintiff seeks on behalf of herself and the putative class members the recovery of penalties pursuant to California Labor Code section 226(e). (Complaint, ¶ 70.)

49.     Given Plaintiff's allegation of drivers working off the clock on a daily basis, it is reasonable to assume, as Plaintiff alleges, that under Plaintiff's theory, each wage statement issued to putative class members during the relevant period of time allegedly failed to include the gross wages earned, the net wages earned, all applicable hourly rates, and the earnings at each rate. *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to the inaccurate wage statement claim); *Korn*, 536 F. Supp. 2d at 1204 (courts may consider maximum penalty in calculating amount in controversy for wage statement claim).

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,
AND 1446                                            13.

50.     Plaintiff's wage statement claim is subject to a one-year statute of limitations.  *See Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under California Code of Civil Procedure § 340(a)).  Defendants allege that during the period of June 3, 2018 to June 23, 2019, Defendants issued at least 84,110 wage statements to 3,707 non-exempt drivers in California who were not based at the Fresno, California location.  California Labor Code section 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [Labor Code section 226] subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  CAL. LABOR CODE § 226(e)(1).  Accordingly, a conservative estimate of Plaintiff's claim for Section 226 penalties, which takes into account Section 226(e)(1)'s $4,000 cap per employee, results in an amount in controversy for the statutory time period of **$8,225,650** ([$50 X 3,707 initial violations] + [$100 X 80,403 subsequent violations] = $8,225,650).

### iv.     Waiting Time Penalty Claim

51.     Defendants are also entitled to base their calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in her Fifth Cause of Action alleging failure to timely pay all final wages.  Plaintiff alleges that Defendants had a "policy or practice" of not paying putative class members "all wages earned and unpaid prior to separation of employment." (Complaint, ¶ 74.)  Given Plaintiff's allegation that all drivers work off the clock, it is reasonable to assume a 100% violation rate on the waiting time penalty claim.

52.     Penalties under California Labor Code section 203(a) are calculated at an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting time penalties (up to 30 days).  *See Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).  It therefore is reasonable to assume – for purposes of calculating the amount in controversy only – that none of the terminated putative class members were paid all of their wages owed upon termination.  Taking the allegations in the Complaint as true, each of these

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,        14.
AND 1446

1   employees is entitled to 30 days' wages in waiting time penalties under California Labor Code section

2   203.  *See* CAL. LAB. CODE § 203; *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012

3   WL 1535196, at *4 (N.D. Cal. April 20, 2012) ("Defendants can properly assume that all members of

4   the former employee subclass were entitled to maximum waiting time penalties under Labor Code

5   section 203."); *Wilson v. Best Buy Co., Inc.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2

6   (E.D. Cal. Feb. 8, 2011) (finding defendant provided plausible evidence to support all former

7   employees were entitled to thirty days of penalties based on allegation that plaintiff and class members

8   did not receive their wages within 72 hours of termination); *Korn*, 536 F. Supp. 2d at 1206 n.4

9   (applying full 30 days' worth of wages for Section 203 penalties because plaintiff "cannot avoid

10   satisfaction of the amount in controversy by arguing that the class plaintiffs may be awarded less than

11   the statutory maximum.").

12   53.   The statute of limitations on a claim for waiting time penalties is three years.  *See*

13   *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee

14   sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed

15   by the same three-year limitations period that would apply had the employee sued to recover only the

16   unpaid wages.").

17   54.   Defendants allege that during the period of June 3, 2016 to June 23, 2019,

18   approximately 2,034 individuals employed by Defendants as drivers in California (not including

19   drivers employed at the Fresno, California location) had their employment terminated.  Defendants

20   further allege that the average final hourly rate for these terminated employees was $18.10 per hour.

21   Accordingly, the amount in controversy at issue for Plaintiff's claim for waiting time penalties is

22   **$5,522,310** (2,034 former putative class members X $18.10 average final hourly rate X 5 hours per

23   day X 30 days = $5,522,310).  *See Jones*, 2014 WL 1607636, at *3 (defendant could rely on

24   assumption of 100% violation rate where plaintiff sought "the statutory penalty wages for each day

25   [the class members] were not paid, up to a thirty (30) day maximum pursuant to California Labor Code

26   section 203" and found the declaration in support of defendant's removal was sufficient where it set

27   forth the total number of non-exempt employees within the class definition and the average hourly

28   wage over the relevant time period.)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 02101.3577
619.232.0441

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,   15.
AND 1446

1

**v.      The Aggregate Amount in Controversy Exceeds $5,000,000**

2      55.      As set forth above, CAFA's amount in controversy requirement is satisfied by

3    Plaintiff's claims for minimum wages, expense reimbursements, wage statement penalties, and

4    waiting time penalties.  Based on the above calculations, Defendants' conservative estimate of the

5    aggregate minimum amount in controversy for these claims is **$19,760,341.58**.

6      56.      Defendants' amount in controversy calculation does not take into account any

7    additional amount placed in controversy due to Plaintiff's Second Cause of Action for allegedly unpaid

8    overtime wages based on her off-the-clock allegations.  (*See* Complaint, ¶¶ 44-52.)

9      57.      Plaintiff also seeks attorneys' fees (*see, e.g.*, Complaint, ¶¶ 1, 42, 70 and Prayer for

10   Relief) which the Court could consider and include in the amount in controversy since the California

11   Labor Code allows recovery of such fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

12   Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either

13   with mandatory or discretionary language, such fees may be included in the amount in controversy.").

14   Attorneys' fee awards in California wage and hour class actions can total millions of dollars. *See, e.g.*,

15   *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in

16   settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296

17   (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but

18   reversing as to multiplier); *Vasquez v. Cal.*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000

19   in attorneys' fees plus a multiplier that equates to total fees of $1,199,550 in class action involving

20   violations of a living wage ordinance, the California Labor Code, as well as unfair competition and

21   contract claims); *Jasso v. Money Mart Express, Inc.*, No. 11- CV-5500 YGR, 2012 WL 699465 (N.D.

22   Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit 'has established 25% of the common

23   fund as a benchmark award for attorney fees.'" (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

24   1029 (9th Cir. 1998)).

25     58.      Even without including Plaintiff's claim for attorneys' fees, Plaintiff's minimum wage,

26   expense reimbursement, wage statement penalty, and waiting time penalty claims place more than

27   $5,000,000 in controversy.  Removal of this action is therefore proper as the aggregate value of

28

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,      16.
AND 1446

1   Plaintiff's class claims for statutory damages, statutory penalties, and attorneys' fees is well in excess

2   of the CAFA jurisdictional requirement of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

3       59.    In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional

4   minimum.  Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this

5   case.

6   **VII.   NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

7       60.    Following the filing of this Notice of Removal in the United States District Court for

8   the Northern District of California, written notice of such filing will be given by the undersigned to

9   Plaintiff's counsel of record, Joseph Lavi and Vincent C. Granberry of Lavi & Ebrahimian, LLP, and

10  a copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court

11  in accordance with 28 U.S.C. section 1446(d).  (Riley Decl., ¶ 6.)

12      WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of

13  California, County of Alameda, to the United States District Court for the Northern District of

14  California.

15

    Dated:  July 18, 2019

16

17

18                                         *s/ Matthew B. Riley*
                                           DAVID J. DOW
19                                         MATTHEW B. RILEY
                                           LITTLER MENDELSON, P.C.
                                           Attorneys for Defendants
20                                         FIRST STUDENT, INC. and FIRST
                                           STUDENT MANAGEMENT, LLC
21

22

    FIRMWIDE:165236754.3 070991.1173
23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441,     17.
AND 1446