**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL TO FEDERAL COURT**

**Exhibit A**



Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF CYNTHIA PROVENCIO
on behalf of herself and others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

JUN 03 2019

CLERK OF THE SUPERIOR COURT
By _Esther Celestine_
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CYNTHIA PROVENCIO, on behalf of herself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>FIRST STUDENT, INC.; FIRST STUDENT MANAGEMENT, LLC; and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | Case No.: **RG19021391**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF CYNTHIA PROVENCIO'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2. **FAILURE TO PAY PROPER OVERTIME WAGES FOR DAILY OVERTIME HOURS WORKED AND ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, AND 1198**<br><br>3. **FAILURE TO INDEMNIFY FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**<br><br>4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**<br><br>5. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203** |

FAX FILE

6.   UNFAIR BUSINESS PRACTICES,
IN VIOLATION OF BUSINESS
AND PROFESSIONS CODE
SECTION 17200, et seq.

DEMAND FOR JURY TRIAL

COMES NOW Plaintiff CYNTHIA PROVENCIO ("Plaintiff"), who allege and complains against Defendants FIRST STUDENT, INC.; FIRST STUDENT MANAGEMENT, LLC; and DOES 1 to 100, Inclusive, (collectively "Defendants") as follows:

## I.   INTRODUCTION

1.      This is a class action lawsuit seeking unpaid wages and interest thereon for unpaid wages for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay due to Defendants' policy, practice, and/or procedure of requiring their hourly non-exempt drivers to work off-the-clock; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay drivers all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' and the Class Members' claims for unpaid wages for all time worked at minimum wage and overtime wages for overtime hours worked due to Defendants' policy, practice, and/or procedure of requiring drivers to work off-the-clock; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business & Professions Code section 17200 et seq. for the following reasons: Defendants operate throughout California; Defendants employed putative class members in Alameda County; Defendants operate in Alameda County at 333 Filbert Street, Oakland, California 94607; Plaintiff is informed, believes, and thereon alleges that at all relevant times, Defendants' principal place of business was located in Alameda County at 333 Filbert Street, Oakland, California 94607; more than two-thirds of the

putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last three years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiffs' and the Class Members' claims; and Plaintiffs and the Class Members seek significant relief from Defendants.

## III.   PARTIES

3.     Plaintiff brings this action on behalf of herself and other members of the general public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who work as hourly non-exempt drivers. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and were employed by Defendants as drivers, within the four years prior to the filing of the complaint.

4.     Defendants have employed Plaintiff as a driver from on or around June 2018 through the present.

5.     Plaintiff is informed and believes and, on that basis, alleges that Defendants employed Plaintiff and other hourly non-exempt drivers throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

6.     Plaintiff is informed and believes and thereon alleges that Defendant FIRST STUDENT INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1 - 50 are, and at all times relevant hereto were, persons acting on behalf of FIRST STUDENT, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant FIRST STUDENT INC. operates in Alameda County and employed putative class members in Alameda County at its business located at 333 Filbert Street, Oakland, California 94607.

7.     Plaintiff is informed and believes and thereon alleges that Defendant FIRST STUDENT MANAGEMENT, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 26 - 50 are, and at all times relevant hereto were persons acting on behalf of FIRST STUDENT MANAGEMENT, LLC in the

1  establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

2  Defendant FIRST STUDENT MANAGEMENT, LLC operates in Alameda County and employed

3  putative class members in Alameda County at its business located at 333 Filbert Street, Oakland,

4  California 94607.

5         8.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51 -

6  100 are individuals unknown to Plaintiff.  Each of the individual Defendants is sued individually in

7  his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent

8  contractor and/or employee of each Defendant and participated in the establishment of, or

9  ratification of, the aforementioned illegal wage and hour practices or policies.

10         9.    Plaintiff is unaware of the true names of Defendants DOES 1 through 100.  Plaintiff

11  sues said Defendants by said fictitious names and will amend this complaint when the true names

12  and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

13  permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

14  named Defendants is in some manner responsible for the events and allegations set forth in this

15  complaint.

16        10.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

17  defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

18  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

19  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

20  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

21  of the other defendants so as to be liable for their conduct with respect to the matters alleged in this

22  complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted

23  pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

24  each defendant knew or should have known about, authorized, ratified, adopted, approved,

25  controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

26  "Defendant" means "Defendants and each of them;" and refers to the Defendants named in the

27  particular cause of action in which the word appears and includes FIRST STUDENT, INC.; FIRST

28  STUDENT MANAGEMENT, LLC; and DOES 1 to 100, inclusive.

11.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12.    Plaintiffs make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading and Plaintiffs reserve all of Plaintiffs' rights to plead in the alternative.

## IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES

13.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11090, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

14.    **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt drivers. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

15.    Plaintiff and similarly situated drivers worked more minutes per shift than Defendants credited them with having worked.  Specifically, Defendants required Plaintiff and similarly situated drivers to perform numerous job duties off-the-clock without being paid for that time including, but not limited to, the following:

(a)    After providing Plaintiff and similarly situated drivers the addresses for the stops they would be assigned to make each workday, Defendants required Plaintiff and similarly situated drivers to research and plan their routes;

(b)      After Plaintiff and similarly situated drivers research and planned their routes, Defendants required Plaintiff and similarly situated drivers to perform a "dry run" of the routes they planned and stops that they would make in their personal vehicles;

(c)      Before clocking in for their shifts each workday, Defendants required Plaintiff and similarly situated drivers to arrive at Defendants' yard before the start of their shift, retrieve the key to their assigned bus from the office, locate their assigned bus in the unorganized yard, insert the key into the bus's ignition and turn all lights on, open the service door to retrieve the "wand," then waive the "wand" by the bus's on-board sensor in order to clock in for the start of their shift;

(d)      Similarly, upon returning to Defendants' yard at the end of their shift, Plaintiff and similarly situated derivers waived their "wand" to clock out of their shift each workday and, after clocking out, Defendants required that Plaintiff and similarly situated drivers perform "child checks" to ensure no children had been left on board the bus, hang a sign in the bus window indicating that the "child check" had been performed, reconcile daily paperwork, and return the paperwork and bus key to the office before being released from Defendants' control; and

(e)      Finally, Defendants required that Plaintiff and similarly situated drivers attend various trainings, meetings, and biddings without being paid for that time.

16.      Defendants maintained a policy, practice, and/or procedure that failed to compensate Plaintiff and similarly situated drivers were not paid for the foregoing time during which they were subject to Defendants' control.

17.      California Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the Industrial Welfare Commission ("IWC") and the Wage Orders.

18.      Despite the fact that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, because of Defendants required Plaintiffs and similarly situated drivers to work off-the-clock as more fully described above, Defendants suffered, permitted, and required its hourly non-exempt drivers to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated drivers working time for

which they were not compensated any wages, in violation of California Labor Code sections 1194, 1197, and the Wage Order.

19.   **Failure to pay wages for all hours worked in excess of eight hours per day at the employees' overtime rate of pay:** Plaintiff and similarly situated drivers often worked more than eight hours per workday.

20.   California Labor Code sections 510 and 1194 require an employer to compensate employees a higher rate of pay for hours worked in excess of eight hours in a workday:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

(Cal. Lab. Code §510.)

21.   Further, California Labor Code section 1198 provides,

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

22.   Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than eight hours in a workday, Defendants failed to pay Plaintiff and similarly situated drivers the overtime wages due them for their daily overtime hours worked.

23.   Plaintiff and similarly situated drivers worked more minutes per shift than Defendants credited them with having worked.   Specifically, Defendants required Plaintiff and similarly situated drivers to perform numerous job duties off-the-clock without being paid for that time including, but not limited to the following:

(a)   After providing Plaintiff and similarly situated drivers the addresses for the stops they would be assigned to make each workday, Defendants required Plaintiff and similarly situated drivers to research and plan their routes;

1       (b)     After Plaintiff and similarly situated drivers research and planned their routes,

2   Defendants required Plaintiff and similarly situated drivers to perform a "dry run" of the routes they

3   planned and stops that they would make in their personal vehicles;

4       (c)     Before clocking in for their shifts each workday, Defendants required

5   Plaintiff and similarly situated drivers to arrive at Defendants' yard before the start of their shift,

6   retrieve the key to their assigned bus from the office, locate their assigned bus in the unorganized

7   yard, insert the key into the bus's ignition and turn all lights on, open the service door to retrieve the

8   "wand," then waive the "wand" by the bus's on-board sensor in order to clock in for the start of

9   their shift;

10      (d)     Similarly, upon returning to Defendants' yard at the end of their shift,

11  Plaintiff and similarly situated derivers waived their "wand" to clock out of their shift each workday

12  and, after clocking out, Defendants required that Plaintiff and similarly situated drivers perform

13  "child checks" to ensure no children had been left on board the bus, hang a sign in the bus window

14  indicating that the "child check" had been performed, reconcile daily paperwork, and return the

15  paperwork and bus key to the office before being released from Defendants' control; and

16      (e)     Finally, Defendants required that Plaintiff and similarly situated drivers

17  attend various trainings, meetings, and biddings without being paid for that time.

18      24.     Defendants maintained a policy, practice, and/or procedure that failed to compensate

19  Plaintiff and similarly situated drivers were not paid for the foregoing time during with they were

20  subject to Defendants' control.

21      25.     To the extent that the foregoing resulted in uncompensated time during on workdays

22  when Plaintiff and similarly situated drivers worked eight hours or in workweeks when Plaintiff and

23  similarly situated drivers already worked 40 hours, Plaintiff and similarly situated drivers were

24  under control of Defendants, but were not compensated at their overtime rate of pay, in violation of

25  Labor Code sections 510, 1194, and 1198, and the Wage Order.

26      26.     **Failure to indemnify employees for losses and expenditures incurred as part of**

27  **their employment:** California law requires that every employer must indemnify its employees for

28  all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at

the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Lab. Code §2802.)

27. Defendants employed a policy, practice, and/or procedure, whereby Defendants passed ordinary businesses expenses to Plaintiff and similarly situated drivers without reimbursement or indemnification. Specifically, Defendants maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to Plaintiff and similarly situated drivers in multiple regards:

(a) Defendant required Plaintiff and similarly situated drivers to use either their personal cell phones and/or personal computers in order to research and plan their routes after they were assigned locations and daily stops by Defendants;

(b) Defendants required Plaintiff and similarly situated drivers to use their personal vehicles to make "dry runs" of the routes that they researched and planned;

(c) Defendants required Plaintiff and similarly situated drivers to purchase cleaning supplies at their own expense in order to clean their busses as required by Defendants;

(d) On a daily basis, Defendants required Plaintiff and similarly situated drivers to use their personal cell phones to receive calls and messages from Defendants' dispatch regarding any updates or changes to their daily routes and to contact clients at stops if they were not outside waiting for drivers' arrival or did not come outside in a reasonable amount of time. In addition, Defendants required that Plaintiff and similarly situated drivers use their personal cell phones GPS functionality to monitor traffic and ensure they were taking the most efficient route to each stop.

28. Plaintiff and similarly situated drivers' out-of-pocket expenditures, vehicle mileage and maintenance costs, and persona cell phone expenses were significant as the result of employment with Defendants.

29. Defendants employed policies, practices, and procedures which ensured Plaintiff and similarly situated drivers would not receive indemnification for the aforementioned necessary expenditures incurred as result of their employment with Defendants. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and similarly situated drivers not receiving indemnification for employment-related expenditures in compliance with California law.

30.     **Pay Stub Violations**: California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

31.     Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated drivers who were subject to Defendants' control for uncompensated time and who did not receive the wages they earned (including minimum wages and overtime wages).

32.     **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

33.     Because Defendants failed to hourly non-exempt drivers all their earned wages (including minimum wages and overtime wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

34.     Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt drivers employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, with the

exception of drivers employed by Defendants based out of Defendants' Fresno, California yard from October 28, 2011 to the present, who were not paid at least at minimum wage for all time they were subject to Defendants' control.

        B.    **Overtime Class:** All current and former hourly non-exempt drivers employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, with the exception of drivers employed by Defendants based out of Defendants' Fresno, California yard from October 28, 2011 to the present, who worked more than eight hours in a day and/or more than 40 hours in a week and to whom Defendants did not pay overtime wages.

        C.    **Indemnification Class:** All current and former hourly non-exempt drivers employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty.

        D.    **Wage Statement Class:** All current and former hourly non-exempt drivers employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, with the exception of drivers employed by Defendants based out of Defendants' Fresno, California yard from October 28, 2011 to the present, who received inaccurate or incomplete wage and hour statements.

        E.    **Waiting Time Class:** All current and former hourly non-exempt drivers employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, with the exception of drivers employed by Defendants based out of Defendants' Fresno, California yard from October 28, 2011 to the present, who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

        F.    **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

    35.    There is a well defined community of interest in the litigation and the classes are

1    ascertainable:

2         A.    **Numerosity:** While the exact number of class members in each class, is

3    unknown to Plaintiffs at this time, the Plaintiffs classes are so numerous that the individual joinder

4    of all members is impractical under the circumstances of this case.

5         B.    **Common Questions Predominate:** Common questions of law and fact exist

6    as to all members of the Plaintiffs classes and predominate over any questions that affect only

7    individual members of each class. The common questions of law and fact include, but are not

8    limited to:

9         i.    Whether Defendants violated California Labor Code sections 1194

10   and 1197 by not paying employees' wages at a minimum wage rate for all time that the Minimum

11   Wage Class Members were subject to Defendants' control but were not paid;

12        ii.    Whether Defendants violated California Labor Code sections 510 and

13   1194 by not paying the Overtime Class for workdays worked in excess of eight hours as a result of

14   not paying the Class Members for all hours worked in a workday;

15        iii.    Whether Defendants violated Labor Code section 2802 by failing to

16   provide the members of the Indemnification Class with reimbursement of costs to compensate them

17   for the necessary expenditures incurred in the discharge of their duty;

18        iv.    Whether Defendants failed to provide the Wage Statement Class

19   Members with accurate itemized statement at the time they received their itemized statements;

20        v.    Whether Defendants failed to provide the Waiting Time Class

21   Members with all of their earned wages upon separation of employment within the statutory time

22   period;

23        vi.    Whether Defendants committed unlawful business acts or practice

24   within the meaning of Business and Professions Code section 17200 *et seq.*;

25        vii.    Whether Class Members are entitled to unpaid wages, penalties and

26   other relief pursuant to their claims;

27        viii.    Whether, as a consequence of Defendant's unlawful conduct, the Class

28   Members are entitled to restitution, and/or equitable relief; and

ix.     Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiffs and as to the Class Members as a whole.

C.     **Typicality:** Plaintiff's claims are typical of the claims of the class members in each of the classes.  Plaintiff and the members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control.   Plaintiff and the members of the Overtime Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and the members of the Indemnification Class sustained damages from Defendants' failure to indemnify them for employment-related expenses.   Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with California Labor Code section 226.  Plaintiff and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.     **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.     **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.     **Public Policy Consideration:** Employers throughout the state violate wage

1   and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

2   indirect retaliation.   Former employees fear bringing actions because they perceive their former

3   employers can blacklist them in their future endeavors with negative references and by other means.

4   Class actions provide the class members who are not named in the complaint with a type of

5   anonymity that allows for vindication of their rights.

6                              **I.      FIRST CAUSE OF ACTION**

7   **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

8            **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

9            **(As Against all Defendants and DOE Defendants by the Minimum Wage Class)**

10          36.     Plaintiff hereby incorporates by reference paragraphs 1-35 above, as if fully set

11   herein by reference.

12          37.     At all times relevant to this Complaint, Plaintiff and the members of the Minimum

13   Wage Class were hourly non-exempt employees employed by Defendants as drivers.

14          38.     Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the

15   Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to

16   Defendants' control, and those wages must be paid at least at the minimum wage rate in effect

17   during the time the employees earned the wages.

18          39.     Defendants' policies, practices, and/or procedures, however, required Plaintiff and

19   the members the Minimum Wage Class to be engaged, suffered, or permitted to work without being

20   paid wages for all of the time in which they were subject to Defendants' control.

21          40.     Specifically, Defendants required Plaintiff and Minimum Wage Class members to

22   perform numerous job duties off-the-clock without being paid for that time, including, but not

23   limited to the following:

24          (a)     After providing Plaintiff and Minimum Wage Class members the addresses

25   for the stops they would be assigned to make each workday, Defendants required Plaintiff and

26   Minimum Wage Class members to research and plan their routes;

27

28

(b)     After Plaintiff and Minimum Wage Class members research and planned their routes, Defendants required Plaintiff Minimum Wage Class members to perform a "dry run" of the routes they planned and stops that they would make in their personal vehicles;

(c)     Before clocking in for their shifts each workday, Defendants required Plaintiff and Minimum Wage Class members to arrive at Defendants' yard before the start of their shift, retrieve the key to their assigned bus from the office, locate their assigned bus in the unorganized yard, insert the key into the bus's ignition and turn all lights on, open the service door to retrieve the "wand," then waive the "wand" by the bus's on-board sensor in order to clock in for the start of their shift;

(d)     Similarly, upon returning to Defendants' yard at the end of their shift, Plaintiff and Minimum Wage Class members waived their "wand" to clock out of their shift each workday and, after clocking out, Defendants required that Plaintiff and Minimum Wage Class members perform "child checks" to ensure no children had been left on board the bus, hang a sign in the bus window indicating that the "child check" had been performed, reconcile daily paperwork, and return the paperwork and bus key to the office before being released from Defendants' control; and

(e)     Finally, Defendants required that Plaintiff and Minimum Wage Class members attend various trainings, meetings, and biddings without being paid for that time.

41.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

42.     Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiffs and the Minimum Wage Class members are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

## II.   SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 510, 1194 AND 1198

### (As Against all Defendants and DOE Defendants by the Overtime Class)

43.   Plaintiff hereby incorporates by reference paragraphs 1-42 above, as if fully set herein by reference.

44.   At times relevant to this Complaint, Plaintiff and the members of the Overtime Class were hourly non-exempt employees of Defendants, employed as drivers and covered by California Labor Code sections 510 and 1194 and the Wage Order.

45.   Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight hours in a workday and/or 40 hours in a workweek.

46.   California Labor Code section 510, subdivision (a), states in relevant part:
Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

47.   Further, California Labor Code section 1198 provides,
The maximum hours of work, and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

48.   Despite that California law requires employers to pay employees a higher rate of pay for all hours worked more than eight hours in a workday, Defendants failed to pay Plaintiff and Overtime Class members due them for their daily overtime hours worked.

49.     Specifically, Defendants required Plaintiff and Overtime Class members to perform numerous job duties off-the-clock without being paid for that time including, but not limited to the following:

(a)     After providing Plaintiff and Overtime Class members the addresses for the stops they would be assigned to make each workday, Defendants required Plaintiff and Overtime Wage Class members to research and plan their routes;

(b)     After Plaintiff and Overtime Class members research and planned their routes, Defendants required Plaintiff Overtime Class members to perform a "dry run" of the routes they planned and stops that they would make in their personal vehicles;

(c)     Before clocking in for their shifts each workday, Defendants required Plaintiff and Overtime Class members to arrive at Defendants' yard before the start of their shift, retrieve the key to their assigned bus from the office, locate their assigned bus in the unorganized yard, insert the key into the bus's ignition and turn all lights on, open the service door to retrieve the "wand," then waive the "wand" by the bus's on-board sensor in order to clock in for the start of their shift;

(d)     Similarly, upon returning to Defendants' yard at the end of their shift, Plaintiff and Overtime Wage Class members waived their "wand" to clock out of their shift each workday and, after out, Defendants required that Plaintiff and Overtime Class members perform "child checks" to ensure no children had been left on board the bus, hang a sign in the bus window indicating that the "child check" had been performed, reconcile daily paperwork, and return the paperwork and bus key to the office before being released from Defendants' control; and

(e)     Finally, Defendants required that Plaintiff and Overtime Class members attend various trainings, meetings, and biddings without being paid for that time.

50.     The foregoing resulted in time during each workday which Plaintiff and members of the Overtime Class were under control of Defendants, but were not compensated at their overtime rate of pay when they worked more than eight hours in a day or 40 hours in a week, in violation of Labor Code sections 510, 1194, and 1198, and the Wage Order.

51.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Overtime

1    Class have suffered damages in an amount subject to proof, to the extent that they were not paid

2    premium wages at an overtime rate of pay for all hours worked which constitute overtime.

3         52.    Pursuant to California Labor Code section 1194, Plaintiffs and the Overtime Class

4    members are entitled to recover the full amount of their unpaid overtime wages, prejudgment

5    interest and attorneys' fees and costs.

6    III.    <strong>THIRD CAUSE OF ACTION</strong>

7    <strong>FAILURE TO INDEMNIFY EMPLOYEES FOR LOSSES AND EXPENDITURES, IN</strong>

8    <strong>VIOLATION OF LABOR CODE SECTION 2802</strong>

9    <strong>(As Against All Defendants and DOE Defendants by the Indemnification Class)</strong>

10       53.    Plaintiff hereby incorporates by reference paragraphs 1-52 above, as if fully set

11   herein by reference.

12       54.    Plaintiff and members of the Indemnification Class have been employed by

13   Defendants in the State of California.  California law requires that Defendants indemnify its

14   employees for all necessary expenditures or losses incurred by the employee in discharge of his or

15   her duties or at the obedience of the directions of the employer.  Moreover, an employer is

16   prohibited from passing the ordinary business expenses and losses of the employer onto the

17   employee.  (Lab. Code §2802.)

18       55.    Defendants have violated Labor Code section 2802 by failing to indemnify Plaintiff

19   and the members of the Indemnification Class necessary expenditures they incurred in the discharge

20   of their duties.

21       56.    Specifically, Defendants maintained a policy, practice, and/or procedure whereby

22   they passed ordinary business expenses to Plaintiff and Indemnification Class members in multiple

23   regards:

24           (a)    Defendant required Plaintiff and Indemnification Class members to use either

25   their personal cell phones and/or personal computers in order to research and plan their routes after

26   they were assigned locations and daily stops by Defendants;

27           (b)    Defendants required Plaintiff and Indemnification Class members to use their

28   personal vehicles to make "dry runs" of the routes that they researched and planned;

1         (c)     Defendants required Plaintiff and Indemnification Class members to purchase

2  cleaning supplies at their own expense in order to clean their busses as required by Defendants;

3         (d)     On a daily basis, Defendants required Plaintiff Indemnification Class

4  members to use their personal cell phones to receive calls and messages from Defendants' dispatch

5  regarding any updates or changes to their daily routes and to contact clients at stops if they were not

6  outside waiting for drivers' arrival or did not come outside in a reasonable amount of time. In

7  addition, Defendants required that Plaintiff and Indemnification Class members use their personal

8  cell phones GPS functionality to monitor traffic and ensure they were taking the most efficient route

9  to each stop.

10      57.    Moreover, Defendants employed policies and procedures which ensured Plaintiff and

11  the members of the Indemnification Class would not receive indemnification for their employment-

12  related expenses. This practice resulted in Plaintiffs and members of the Indemnification Class not

13  receiving such indemnification in compliance with California law.

14      58.    Because Defendants failed to properly indemnify employees for the necessary

15  expenditures incurred in the discharge of their duty, they are liable to Plaintiff and the

16  Indemnification Class for monies to compensate them for employment-related purposes to Labor

17  Code section 2802.

18      59.    As a direct and proximate result of Defendants' violation of Labor Code section

19  2802, Plaintiff and other Indemnification Class Members have suffered irreparable harm and

20  monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of

21  herself and on behalf of the Indemnification Class, seek damages and all other relief allowable

22  including indemnification for all employment-related expenses and ordinary business expenses

23  incurred by Defendants and passed onto Plaintiff and the members of the Indemnification Class

24  pursuant to Labor Code section 2802.

25      60.    Pursuant to Labor Code Section 2802, Plaintiff and members of the Indemnification

26  Class are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

27  ///

28  ///

## IV.   FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN

### VIOLATION OF LABOR CODE SECTION 226

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

61.     Plaintiff hereby incorporates by reference paragraphs 1-60 above, as if fully set herein by reference.

62.     At all times relevant to this Complaint, Plaintiff and the other members of the Wage Statement Class were hourly non-exempt employees employed by Defendants as drivers and covered by California Labor Code section 226.

63.     Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

64.     Defendants' illegal wage practices, including but not limited to Defendants' failure to pay at least minimum wage for all time worked and overtime wages for overtime hours worked, resulted in Defendants providing Plaintiff and the members of the Wage Statement Class with inaccurate itemized wage statements in violation of California Labor Code section 226.

65.     Defendants provided Plaintiff and members of the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the gross and net pay, and all applicable hourly rates and earnings at each rate.

66. Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements it knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants' knowing and intentional providing of inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

67. As a result of Defendants' unlawful conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and Wage Statement Class members are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and Wage Statement Class members from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

68. Pursuant to California Labor Code section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

69. Pursuant to California Labor Code Section 226(h), Plaintiff and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with California Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed members of the Class with inaccurate wage statements in violation of California Labor Code section 226(a) and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring

Defendants' compliance with California Labor Code section 226(a).

70. Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## V.   FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

### (As Against all Defendants and DOE Defendants by the Waiting Time Class)

71. Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set herein by reference.

72. At all times relevant to this Complaint, Plaintiff and the other members of the Waiting Time Class were hourly non-exempt employees of Defendants employed as drivers and covered by California Labor Code sections 201 202.

73. Pursuant to California Labor Code sections 201 and 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

74. Defendants failed to pay members of the Waiting Time Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying Waiting Time Class members all earned wages timely upon separation of employment.

75. Defendants' failure to pay members of the Waiting Time Class all wages earned prior to separation of employment timely in accordance with California Labor Code sections 201 and 202

was willful.   Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code sections 201 and 202. Defendants' policies, practices, and/or procedures of failing to pay at least minimum wage for all time worked and overtime wages for overtime hours worked in compliance with California law resulted in Defendants failure to pay Waiting Time Class members all earned wages timely upon separation of employment.

76.     Pursuant to either California Labor Code section 201 or 202, members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

77.     Pursuant to California Labor Code section 203, members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

78.     As a result of Defendants' conduct, members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

79.     As a result of Defendants' conduct, members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code section 203.

80.     Members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

## VI.    SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Against All Defendants and Doe Defendants by the California Class)

81.     Plaintiffs hereby incorporate by reference paragraphs 1-80 above, as if fully set herein by reference.

82.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct

includes Defendants' use of policies and procedures which resulted in: failing to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for overtime hours worked; failure to indemnify for employment-related expenditures; failure to provide accurate wage and hour statements; and failure to pay timely all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked, to pay overtime wages for overtime hours worked, to indemnify employees for employment-related expenditures, to provide accurate wage and hour statements, and to timely pay all wages due upon separation of employment.

83.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Minimum Wage Class, Overtime Class, Indemnification Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

84.     Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Overtime Class, Indemnification Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to California Code

1  of Civil Procedure section 382 and any other applicable law;

2      2.      That the named Plaintiffs be designated as class representative for the California

3  Class (and all sub-classes thereof);

4      3.      A declaratory judgment that the practices complained herein are unlawful; and,

5      4.      An injunction against Defendants enjoining them, and any and all persons acting in

6  concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

7  herein.

**ON THE FIRST CAUSE OF ACTION:**

9      1.      That Defendants be found to have violated the minimum wage provisions of the

10  California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

11      2.      For damages, according to proof, including but not necessarily limited to unpaid

12  wages;

13      3.      For any and all legally applicable penalties;

14      4.      For liquidated damages pursuant to California Labor Code section 1194.2;

15      5.      For pre-judgment interest, including but not limited to that recoverable under

16  California Labor Code section 1194, and post-judgment interest;

17      6.      For attorneys' fees and costs of suit, including but not limited to that recoverable

18  under California Labor Code section 1194;

19      7.      For pre-judgment interest, including but not limited to that recoverable under

20  California Labor Code section 218.6, and post-judgment interest; and,

21      8.      For such and other further relief, in law and/or equity, as the Court deems just or

22  appropriate.

**ON THE SECOND CAUSE OF ACTION:**

24      1.      That Defendants be found to have violated the overtime provisions of the California

25  Labor Code and the Wage Order as to Plaintiff and the Overtime Class;

26      2.      For damages, according to proof, including unpaid premium wages;

27      3.      For pre-judgment interest, including but not limited to that recoverable under

28  California Labor Code section 1194, and post-judgment interest; and

4.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE THIRD CAUSE OF ACTION:

1.   That the Defendants be found to have violated the indemnification provisions of the Labor Code and as to the Plaintiff and the Indemnification Class;

2.   For damages, according to proof, including unpaid cleaning supplies and use of class members' vehicles and cell phones;

3.   For any and all legally applicable penalties;

4.   For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 2802, and post-judgment interest;

5.   For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 2802; and

6.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate

### ON THE FOURTH CAUSE OF ACTION:

1.   That Defendants be found to have violated the provisions of the California Labor Code regarding accurate itemized paystubs as to the Wage Statement Class;

2.   For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 226(e) and any other legally applicable damages or penalties;

3.   For pre-judgment interest and post-judgment interest;

4.   For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of California Labor Code section 226(a);

5.   For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

6.   For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

///

ON THE FIFTH CAUSE OF ACTION:

1.     That Defendants be found to have violated the provisions of the California Labor Code regarding payment of all unpaid wages due upon resignation or termination as to the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

ON THE SIXTH CAUSE OF ACTION:

1.     That Defendants be found to have violated California Business and Professions Code section 17200, et seq., for the conduct alleged herein as to all Classes;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: June 3, 2019                    Respectfully submitted,
                                       LAVI & EBRAHIMIAN, LLP

                                       By: _____
                                       Joseph Lavi, Esq.
                                       Vincent C. Granberry, Esq.
                                       Attorneys for PLAINTIFF CYNTHIA
                                       PROVENCIO on behalf of herself and others
                                       similarly situated

## DEMAND FOR JURY TRIAL

PLAINTIFF CYNTHIA PROVENCIO demands a trial by jury for herself and the California Class on all claims so triable.

Dated:  June 3, 2019

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Attorneys for PLAINTIFF CYNTHIA PROVENCIO on behalf of herself and others similarly situated